UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CRIMINAL ACTION NO. 5:17-CR-00039-TBR

UNITED STATES OF AMERICA,	PLAINTIFF

v.

JERMAINE TYRONE JONES,	DEFENDANT

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on the United States of America's Motion for Reconsideration. (R. 41). The Defendant, Jermain Tyrone Jones, has declined to respond. This matter is now ripe for adjudication. For the reasons that follow, the Court **DENIES** the United States of America's Motion, (R. 41).

BACKGROUND[1]

On August 30, 2017, Paducah Police Officer Andrew Parrish responded to a disturbance at Ms. McKinney's residence on Farwood Drive. Ms. McKinney explained to Officer Parrish that her then boyfriend, and now Defendant, Jermain Jones had assaulted her by throwing a dish soap bottle at her. Jones had since left with a friend in a white Chevy Suburban. Officer Parrish decided to sit outside McKinney's house to write up the paperwork because McKinney had expressed fears that Jones might return.

After Parrish had finished the paperwork and was getting ready to leave, he saw a white Chevy Suburban with two black males inside of it sitting at the intersection adjacent to

---

[1] For a more detailed account of the events described herein refer to the Court's November 5, 2018 Memorandum Opinion and Order, (R. 37).

1

McKinney's house. (Supp. Hearing R. 7: ¶ 1-19). Ms. McKinney having told Officer Parrish multiple times that she was worried Jones would come back, and the vehicle matching McKiney's description, Parrish got behind the Suburban and pulled it over. (Supp. Hearing R. 7: ¶ 1-19). Upon pulling Jones over, Parrish arrested him. After placing Jones in the back of the police car, Parrish found a Hi Point .380 caliber firearm in the back seat of his car alongside Jones.

After, being charged as a felon in possession of a firearm, Jones moved to suppress all evidence, including the Hi Point .380, from the warrantless stop, detention, and arrest on August 30, 2017. The Court held a hearing on the issue on July 23, 2018, at which Officer Parrish testified that he pulled Jones over "to further investigate the allegations made by Ms. McKinney."(Supp. Hearing R. 7: ¶ 10). This piece of testimony was crucial to the Court's conclusion that Officer Parrish conducted a *Terry* stop based on a completed misdemeanor, which the Court, following Sixth Circuit guidance, was forced to find unreasonable under the Fourth Amendment. Consequently, the Court granted Jones's Motion to Suppress. The United States now moves the Court to reconsider. (R. 41).

STANDARD

Although the Federal Rules of Civil Procedure do not provide expressly for "motions for reconsideration," courts generally construe such motions as motions to alter or amend a judgment under Rule 59(e). *E.g., Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990); *Taylor v. Colo. State Univ.*, Civil Action No. 5:11-CV-00034-TBR, 2013 U.S. Dist. LEXIS 52872, 2013 WL 1563233, at *8-9 (W.D. Ky. Apr. 12, 2013). Rule 59(e) motions "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Pursuant to Rule 59(e), "a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). "A district court, generally speaking, has considerable discretion in deciding whether to grant [such a] motion, and as a result [the Sixth Circuit] review[s] these types of decisions for abuse of discretion." *Id.* (citing *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002)).

DISCUSSION

The United States' Motion asks the Court to reconsider based on a single issue—whether Officer Parrish's stopped Jones as part of an investigation into an ongoing misdemeanor. (R. 41). The United States' Motion is well taken.[2] It is correct that if Officer Parrish was investigating an ongoing misdemeanor, instead of a completed one, the stop might be reasonable under the Fourth Amendment. *See United States v. Simpson*, 520 F.3d 531, 541 (6th Cir. 2008) ("But reasonable suspicion of an ongoing misdemeanor is adequate justification [to initiate a *Terry* stop]."). Indeed, the Court considered this possibility in coming to its original decision. But because neither party had raised the issue, the Court left it unaddressed to avoid what would have, at that point, been unnecessary dicta. The United States' Motion to Reconsider changes things. It invites, indeed requires, the Court to determine whether Officer Parrish stopped Jones to investigate an ongoing crime. The Court finds that he did not.

---

[2] Although, the United States never explicitly identifies the grounds upon which they move the Court to reconsider, the Court assumes the government bases their motion on the need to prevent manifest injustice. The Court recognizes that "a motion to reconsider does not afford parties an opportunity to reargue their case." *Zink v. Gen. Elec. Capital Assurance Co.*, 73 Fed. Appx. 858, 861 (6th Cir. 2003); *and see Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). The Court also realizes that this issue arguably should have been raised in the United States' original briefing. However, the Court welcomes the opportunity to address the issue now as one that it should have addressed on its own accord the first time around.

3

The United States argues that the factual circumstances support the position that Parrish stopped Jones to investigate an ongoing misdemeanor. McKinney had voiced fears that Jones would come back, which lead Officer Parrish to stay parked in front of her residence while he finished his paperwork. While there, Officer Parrish spotted Jones inside a white Chevy Suburban, as described by McKinney, stopped at a red light in the intersection adjacent to McKinney's house. Parrish then pulled Jones over. The Court agrees with the United States that these facts might plausibly support the position that Parrish pulled Jones over to investigate an ongoing crime.

However, despite ample opportunity to do so while on the stand, Parrish never made mention that he pulled Jones over to investigate an ongoing crime. Instead, Parrish testified that he pulled Jones over to investigate the allegations made by Ms. McKinney. This statement could be interpreted one of two ways: it could be interpreted to mean that Parrish pulled Jones over to investigate McKinney's allegations of the completed domestic violence that had occurred earlier that day, or it could be interpreted to mean that Parrish pulled Jones over to investigate McKinney's allegation that Jones would likely return to Ms. McKinney's home, which Parrish might have reasonably suspected to be an ongoing continuation of the earlier domestic violence.[3] However, the following exchange between Mr. Hancock and Officer Parrish makes the former interpretation the more likely accurate:

> Q. Officer Parrish, to sum this up, at the time that you initiated the traffic stop on the vehicle that was operated by Mr. Snipes and Mr. Jones was the passenger, did you believe that a crime *had just taken place* not long before at Ms. McKinney's residence?
> A. Yes, sir. If not, I would not have initiated that traffic stop.

---

[3] Because the Court finds this interpretation of Parrish's testimony to be a stretch too far, the Court need not address the many issues it might raise, such as whether domestic violence can be reasonably considered ongoing for such a period of time so as to extend to when the alleged assailant has left the scene and is seen later sitting in traffic.

4

> Q. All right. And prior to you making the decision to place Mr. Jones under arrest for assault fourth degree, domestic violence, did you believe that you had probable cause to prove that Mr. Jones had *committed* that crime?
> A. Again, yes, sir. If I did not believe that, I would not have effected that arrest.

Parrish's testimony makes clear that Parrish believed a crime to have just taken place, and Jones had committed it—not that a crime was ongoing, and Jones was committing it.

Frankly, the Court finds this issue to be an extremely close call, but it does follow existing Sixth Circuit law. The court wrestled with it for some time. But ultimately, the Court believes that the best window into why Officer Parrish pulled Jones over is his own testimony on the subject. To find that Parrish's stop of Jones was part of an investigation into an ongoing misdemeanor would be to ignore the most plausible interpretation of his direct testimony at the suppression the hearing. The Court is unwilling do so. Thus, although well taken, the Court must deny the United States' Motion to Reconsider.

CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that the United States of America's Motion to reconsider is DENIED.

A telephonic further proceedings is set on May 17, 2019 at 9:00 a.m. Central. The Court shall place the call.
IT IS SO ORDERED.

Thomas B. Russell, Senior Judge
United States District Court

May 10, 2019

cc: Counsel of Record

5