**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**Case No. 5:17-cr-00039-TBR**

UNITED STATES OF AMERICA                                    PLAINTIFF

v.

JERMAINE TYRONE JONES                                       DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant's Motion *in Limine* and Objection to 404(b) Evidence. [DN 65]. The Government has responded. [DN 66]. As such, this matter is ripe for adjudication. The Court previously granted that motion. [DN 74]. However, upon further consideration, that Opinion is redacted and for the reasons that follow, **IT IS HEREBY ORDERED** that Defendant's Motion *in Limine* [DN 65] is **DENIED**.

## I. Background

Jones was indicted on December 12, 2017 on one count of being a felon in possession of a firearm. [DN 1]. The Government seeks to introduce evidence of an alleged altercation at Jones's ex-girlfriend's home earlier in the day that led to police pulling Jones over. Jones seeks to exclude this evidence.

## II. Legal Standard

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co*., 718 F.3d 556, 561 (6th Cir. 2013). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs*., 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co*., 519

F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), aff'd, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

### III. Discussion

#### A. 404(b)

Federal Rule of Evidence 404(b) prohibits the introduction of evidence of a person's crimes, wrongs, or other bad acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, Rule 404(b)(2) allows the introduction of such evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Courts determine the admissibility of evidence under Rule 404(b) pursuant to a three-step process:

> [T]he court must first consider whether there is a sufficient factual basis that the act occurred; second, whether the act is being offered for an appropriate reason; and third, whether the probative value of the evidence is substantially outweighed by the unfair prejudicial impact of its use at trial.

*United States v. Gibbs*, 797 F.3d 416, 425 (6th Cir. 2015) (citing *United States v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013)). The prosecution must also "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial". Fed. R. Evid. 404(b)(3)(A).

#### 1. Proper Notice

The parties agree that proper notice has been given.

#### 2. Sufficient Evidence That Other Acts Occurred

First, the Court must "determine whether there is sufficient evidence to support a finding by the jury that the defendant committed" the other act. *United States v. Delaney*, 443 F. App'x 122, 131 (6th Cir. 2011) (quoting *Huddleston v. United States*, 485 U.S. 681, 685 (1988)).

> The Supreme Court has held that the government is not required to demonstrate that the other acts occurred by a preponderance of the evidence. *Huddleston v. United States*, 485 U.S. 681, 689, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). However, the government cannot introduce evidence of potentially prejudicial similar acts without any substantiation. "In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Id.*

*United States v. Bell,* 516 F.3d 432, 441 (6th Cir. 2008).

At a suppression hearing held before this Court, Officer Parrish testified that he was dispatched to T.M.'s, Jones's ex-girlfriend, residence. [DN 30 at 4: ¶¶ 12-14]. When Parrish arrived T.M informed him that Jones was at her home when she arrived after work. [*Id.* at ¶¶ 18-20]. Jones allegedly poured laundry detergent on T.M.'s couch and "threw a Sprite can and Gain dish soap at [T.M.]". [*Id.* at ¶¶ 20-22].

In a letter to this Court, T.M. further alleges Jones had an altercation with her brothers in her front yard. [DN 16 at 1]. T.M. called the police after the altercation began. [*Id.*] Jones left the scene prior to Parrish arriving. [*Id.*] T.M informed Parrish that Jones was in a "white Tahoe-like vehicle." [DN 30 at 5: ¶¶ 23-24]. After conducting his interview with T.M., Parrish returned to his vehicle. [*Id.* at 7: ¶ 3]. Parrish observed a white Chevy Suburban with two black males driving down the street. [*Id.* at ¶¶ 3-4]. T.M previously told Parrish she thought Jones would return to her home and was still in the area. Parrish drove behind the vehicle and "initiated a traffic stop to further investigate the allegations made by [T.M.]". [*Id.* at ¶¶ 5-11]. Jones denied the entire altercation taking place when Parrish approached him. [*Id.* at 8: ¶¶ 3-6].

Jones now argues that the facts surrounding the alleged altercation "remain in dispute" and would "likely require a lengthy and distracting mini-trial." [DN 65 at 4].

The Court agrees with Jones that a mini trial would likely be required to prove the altercation occurred as Jones contests those allegations. However, based on the information the Government has presented, the Court finds that a jury can "reasonably conclude that the act occurred, and the defendant was the actor." *Huddleston v. United States,* 485 U.S. at 688-89.

### 3. Admissible for Appropriate Reasons

Next, the Court must consider whether evidence of Jones's prior conduct would be offered for an appropriate reason. "To determine whether the proffered evidence is admissible for a proper purpose, the trial court must decide 'whether that evidence is probative of a material issue other than character.'" *United States v. Carney,* 387 F.3d 436, 451 (6th Cir. 2004) (quoting *Huddleston,* 485 U.S. at 686). This requires a three-part inquiry. "Evidence of other acts is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered." *Bell*, 516 F.3d at 441–42 (quoting *United States v. Rayborn*, 495 F.3d 328, 342 (6th Cir. 2007)).

Rule 404(b)(2) provides that, while propensity evidence is not allowed, "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." In this case, the Government argues that Jones's past actions demonstrate his "motive, opportunity, plan, and knowledge relative to the firearm." [DN 66 at 3]. The Government specifically argues this evidence "provides important context for why Jones armed himself with a firearm and why law enforcement pulled over the vehicle and arrested Jones". [*Id.* at 4].

4

The Court agrees with the Government that this evidence could prove motive for allegedly possessing a firearm. The Government asserts Jones assaulted T.M. and soon after was driving near her residence with a firearm. The Government further asserts T.M. believed Jones would return to her home and remained in the area. A jury could possibly find, based on the alleged facts, that the prior altercation motivated Jones to possess a firearm.

### 4.   Rule 403 Balancing

The Court must determine whether the probative value of the evidence at issue is substantially outweighed by the unfair prejudicial impact of its use at trial. Rule 403 provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of ... unfair prejudice." Fed. R. Evid. 403. "Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis." *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006) (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993) (citation and quotation marks omitted)). "Such improper grounds include 'generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the latter bad act now charged....'" *Bell*, 516 F.3d at 445 (quoting *Old Chief v. United States*, 519 U.S. 172, 180–81 (1997)). Under the Rule 403 analysis, courts must "look at the evidence in 'the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect.'" *Newsom*, 452 F.3d at 603 (quoting *Bonds*, 12 F.3d at 567 (citation omitted)).

Here, the Court finds this evidence would not unduly prejudice Jones. Although, a mini trial would be necessary to determine the facts of the alleged altercation as Jones disputes the Government's account, some of the facts benefit Jones's case. He was never seen at the scene of the alleged assault with a firearm and was arrested only a short time after. Further, there is currently

no indication that Jones threatened T.M. with the use of a firearm on that day. Jones also made exculpatory statements regarding the alleged altercation during his arrest. The Court recognizes there is some prejudice to Jones. However, the probative value of the investigation is favorable to Jones's case and outweighs any prejudice. Therefore, this evidence is admissible.

In the Government's pretrial memorandum, it stated "T.M. believed that Jones could obtain a firearm". The Court finds that this statement is not admissible for appropriate reasons. T.M's speculation that Jones could obtain a firearm would only serve to prejudice Jones. Therefore, this statement must be excluded

## B.  Res Gestae

The Government argues that the evidence of Jones's prior acts is admissible as background evidence, often referred to as *res gestae*, because it is inextricably intertwined with evidence of the crime charged. Background or *res gestae* evidence consists of "those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). Such evidence does not implicate Rule 404(b). *Id*. "Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *Id*. Moreover, "[p]roper background evidence has a causal, temporal or spatial connection with the charged offense." *Id.*

> [T]he 'background circumstances exception' to the general exclusion of other act evidence is not an open ended basis to admit any and all other act evidence the proponent wishes to introduce. *Hardy,* 228 F.3d at 748. This Court has permitted this sort of evidence where there is a close connection between the charged offense and the proffered background evidence." *Id*...the *res gestae* exception cannot be broadly applied to completing a story but must specifically involve past acts that establish a close connection. We have noted how *res gestae* can "easily be abused," and the importance for the district court to "keep in mind both the scope of the

charges and the narrow purpose for which the *res gestae* exception exists." *United States v. Gibbs,* 797 F.3d 416, 424, 425 (6th Cir. 2015).

*United States v. Brown,* 888 F.3d 829, 837-888 (6th Cir. 2018).

> Importantly, however, even if evidence is properly considered "background evidence," it may nonetheless be inadmissible "if its probative value is substantially outweighed by a danger of ... unfair prejudice." Fed. R. Evid. 403; *Churn*, 800 F.3d at 779. Courts must therefore "err on the side of caution" to ensure that a party does not use this exception as a backdoor to admit otherwise inadmissible Rule 404(b) character evidence. *Gibbs*, 797 F.3d at 425. This is particularly necessary in felon-in-possession cases because "the issue of possession often is tied to an act or acts that are not a part of the indictment." *Brown*, 888 F.3d at 837.

*United States v. Peete,* 781 Fed. Appx. 427, 433 (6th Cir. 2019).

The Court finds this evidence to be *res gestae* evidence. The alleged altercation occurred not long before Jones's arrest. Parrish was still in his vehicle finishing a report of the alleged altercation at the time Jones was seen. There is both a temporal and spatial relationship between the alleged altercation and the arrest. Further, if this evidence is excluded, the jury would be left with questions regarding the legality of Jones's arrest. *Hardy*, 228 F.3d at 748. Testimony regarding the alleged altercation completes the story of Jones's arrest. Therefore, this evidence is admissible.

## IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Jones's Motion *in Limine* [DN 65] is **DENIED**.

**IT IS SO ORDERED**.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

August 5, 2021

cc: counsel